IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE IVAN LOPEZ, | ) | |
| Petitioner, | ) | Civil Action No. 12-96 |
| | ) | |
| v. | ) | Judge Arthur J. Schwab |
| | ) | |
| JOHN WETZEL, et al., | ) | |
| Respondents. | ) | |

## OPINION

Presently before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by state prisoner George Ivan Lopez. For the reasons set forth below, the petition is summarily dismissed without service because it plainly appears that Lopez cannot pursue his claims in a habeas action. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts, applicable to § 2241 petitions through Rule 1(b).

**I.**

Lopez was convicted in the Court of Common Pleas of Lehigh County of first-degree murder, robbery, theft, and receipt of stolen property and was sentenced to death.[1] He is incarcerated at the State Correctional Institution Greene ("SCI Greene") and confined in its "capital case unit," which is commonly referred to as "death row." In his habeas petition, Lopez claims that the conditions of his confinement are unconstitutional. See *Petition*, ECF No. 1, and *Brief In Support For Habeas Corpus Pursuant to 28 U.S.C. § 2241*, ECF No. 2, at 2 ("prison officials are unlawfully forcing the capital case prisoners to live under an unconstitutional administrative punitive and solitary placement policy" where

---

[1] Lopez is challenging his convictions and sentences in a habeas action filed pursuant to 28 U.S.C. § 2254 in a case pending in the U.S. District Court for the Eastern District of Pennsylvania. Lopez v. Beard, et al., 2:04-cv-4181-RBS (E.D. Pa.). That case is stayed at the present time.

1

"atypical significant hardship" is "forced upon" them solely because they have been sentenced to death). He challenges the size of his cell, the amount of time he must remain in it each day, the manner in which his food is served to him, the amount of time the lights are on, and the fact that there is "no congregation for religious or recreation purposes, … no drug and alcohol programs, no educational programs as provided in general population." *Petition*, ECF No. 1, at ¶ 13. As relief, he seeks an order from this Court directing the Respondents[2] to: (1) transfer him and all death-row inmates to units similar to general population units; (2) provide him with "immediate Psychological and Psychiatric treatment, as well as optometrist care for vision deterioration"; and (3) allow him 4-6 hours a week in the prison law library. *Petition*, ECF No. 1, at 7-8.

The petition must be dismissed because Lopez cannot challenge the conditions of his confinement in a habeas action. Instead, he must bring his claims in a civil rights action filed under 42 U.S.C. § 1983.[3] See generally Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (July 2011). See also McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010); Williams, et al. v. Sec'y Pennsylvania Dep't of Corr., No. 10-2103, 2012 WL 208042 (3d Cir. Jan. 25, 2012).

Lopez maintains that he can challenge the conditions of his confinement under 28 U.S.C. § 2241 and in support he relies upon Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). He is wrong.

---

[2] Lopez has named as a respondent John E. Wetzel, the Secretary of the Department of Corrections, and Louis S. Folino, the Superintendent of SCI Greene.

[3] It may be that Lopez is seeking the requested relief by way of a habeas action because he would be barred from proceeding *in forma pauperis* under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). See Lopez v. Mitchell, et al., No. 2:06-cv-43 TFM-LPL (W.D. Pa.); Lopez v. Mitchell, et al., 2:06-cv-409-TFM-LPL (W.D. Pa.); Lopez v. Grainey, et al., No. 2:08-cv-1342-TFM-LPL (W.D. Pa.).

First, 28 U.S.C. § 2241 is the habeas statute under which a federal prisoner (such as the petitioner in Woodall) must challenge the execution of his sentence. A state prisoner (such as Lopez) must rely on the habeas statute specific to state prisoners, 28 U.S.C. § 2254, in challenging the execution of his sentence.[4] Coady v. Vaughn, 251 F.3d 480, 484-86 (3d Cir. 2001).

Second, although Lopez contends that he is challenging the execution of his sentence in his habeas petition, he plainly is not. The Court of Appeals recently addressed the issue of what it means to challenge the "execution of a sentence" in McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010). It explained:

> The "core" habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Title 28, section 2241 of the United States Code "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). See also Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). For instance, the habeas petitioner in Woodall challenged a Bureau of Prisons regulation that capped his end-of-sentence time in a halfway house at ten percent of his total sentence (there, eleven weeks); the judgment had specified that the petitioner would spend six months in such a facility. We observed that "[c]arrying out a sentence through detention in a [halfway house] is very different from carrying out a sentence in an ordinary penal institution," and therefore concluded that "Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer." 432 F.3d at 243. That qualitative difference was sufficient to mark Woodall's challenge as one that went to the "execution" of his sentence, and that was thus cognizable under § 2241. Id.
>
> In contrast, *"when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights] action under § 1983 [or Bivens] is appropriate."* Leamer, 288 F.3d at 542. That is, the fact that a civil rights claim is filed by a prisoner rather than by an unincarcerated individual does not turn a § 1983 case or a Bivens action into a habeas petition. This is true even where

---

[4] Regardless of whether the habeas action is filed by a state prisoner under § 2254 or a federal prisoner under § 2241, the prisoner cannot *challenge the conditions of his confinement in that habeas action*. A state prisoner must challenge the conditions of his confinement in an action filed pursuant to 42 U.S.C. § 1983, and a federal prisoner must do so in an action filed pursuant to Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

> the complained-of condition of confinement creates, as a secondary effect, the possibility that the plaintiff will serve a longer prison term than that to which he would otherwise have been subject. The petitioner in <u>Leamer</u> was a state prisoner whose behavioral problems had led to his placement on "Restricted Activities Program" status, which barred him from attending therapy sessions that were a condition precedent to his parole eligibility. We concluded that, even though a ruling in the petitioner's favor would have assisted him in obtaining parole eligibility and thus a shorter prison stint, the action was "aimed at a condition of his confinement." <u>Id.</u> at 543. Where the petition is couched as a challenge to the duration of a prisoner's sentence, we held, "[t]he operative test ... is not whether Learner would, if successful, be able to appear before the Parole Board. It is whether a favorable determination of Learner's challenge would necessarily imply that he would serve a shorter sentence...." <u>Id.</u> *Taking <u>Woodall</u> and <u>Leamer</u> together, the question to be asked is whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence.*

<u>Id.</u> at 935-36 (emphasis added).

McGee's federal sentence imposed a term of imprisonment and a $10,000 fine. The judgment imposing the sentence instructed that "[p]ayment [of the fine] is to be made from prison earnings at a rate of $20.00 per month[.]" <u>Id.</u> at 934. While at one federal correctional institution, McGee agreed to pay a minimum of $25 per quarter toward his fine pursuant to the IFRP, 28 C.F.R. §§ 545.10, 545.11. <u>Id.</u> at 934-35. He subsequently was transferred to another institution. There, he began on the same $25 per quarter IFRP plan for the payment of his fine, but after several months he was asked to increase the payments to $75 per quarter. He refused to agree to the increase and was placed on "IFRP refusal status," which, among other things, limited his commissary spending to $25 per month.

The issue before the Court of Appeals was whether McGee could maintain his suit in habeas or whether he had to re-file it as a civil rights action. <u>Id.</u> at 934. In holding that McGee could proceed in habeas, the court explained:

> [T]he goal of the IFRP is to achieve compliance with a provision of each convict's criminal judgment – namely, the timely payment of whatever sum the court has ordered him to pay. Through the IFRP, then, the Bureau of Prisons is "putting into effect" and "carrying out" the fine portion of McGee's sentence. The IFRP is therefore part of the Bureau's means of "executing" the sentence, and McGee's lawsuit challenging the legality of the IFRP and his placement in "refusal" status sounds in habeas.

4

Id. at 936. Having already stressed that challenges to "unconstitutional conditions of confinement," are not habeas claims and must be raised in a Bivens or § 1983 action, the Court of Appeals noted:

> While McGee's briefing invokes the phrase "unconstitutional conditions of confinement," the complained-of conditions have been imposed as a means of enforcing a financial obligation that is part of his sentence. He has not challenged, say, the denial of kosher meals – though we suppose that if he had been denied kosher meals because he refused to pay his fine in accordance with the IFRP, he might have a habeas cause of action. In other words, McGee's petition should not be conceptualized as a direct challenge to the various "conditions of confinement" that have been inflicted upon him. The core of the petition is the claim that the "imposition of [IFRP] restrictions ... is a sanction that violates the terms of petitioner McGee's criminal Judgment," and a demand that "the Bureau of Prisons vacate its decision to place McGee in [IFRP] refusal status." The petition is, at bottom, a challenge to the IFRP and its requirement that McGee pay $75 per quarter when his sentence (i) requires only $20 per month (i.e. $60 per quarter), and (ii) specifically directs that such payments be made out of his prison earnings (which allegedly come to substantially less than $75 per quarter). The Warden acknowledges that "[i]f McGee was challenging who could set the payment plan for his criminal fine – the sentencing court or the [Bureau of Prisons] under the IFRP – the Government would concede that habeas corpus is the proper way for him to proceed." This is in fact what McGee has done: he argues that the payment terms imposed by the Bureau (in the IFRP) are illegal in that they conflict with the terms imposed by the sentencing court (in the judgment). If the IFRP's payment requirement is illegal, then so are McGee's placement in refusal status and the restrictions that come with it. The imposition of those restrictions is a means of enforcing the payment schedule, and they will disappear if McGee wins and is placed on (and complies with) a new schedule.
>
> - - -
>
> The IFRP Payment schedule and the sanctions imposed for noncompliance are part of the execution of McGee's sentence. Accordingly we hold that the claim that they are illegal and invalid falls under the rubric of a § 2241 habeas petition.

Id. at 936-37.

In this case, the granting of Lopez's habeas petition *would not* "necessarily imply" a change to the fact, duration, or execution of his sentence. He plainly is challenging his conditions of confinement. Therefore, his claims are not cognizable in habeas and the petition must be dismissed.

The decision to dismiss Lopez's habeas petition is in accordance with the decision made in another § 2241 habeas case that was recently filed with this Court by death-row inmates confined at SCI

Greene. In that case, <u>Williams, et al. v. Coleman, et al.</u>, No. 2:10-cv-212-NBF-CB (W.D. Pa.), the petitioners made claims similar to those that Lopez is making in the instant petition. The magistrate judge to whom that case was assigned recommended that the petition be dismissed *sua sponte,* explaining:

> Here, a ruling in Petitioners' favor would not affect the fact or duration of their respective convictions or sentences. Rather, they challenge the conditions of their confinement. Clearly, "no matter what the outcome of [the instant] habeas petition, neither the fact nor the length of [Petitioners'] incarceration will be affected." <u>Bronson v. Demming</u>, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002). The entire focus of the instant Petition is to change the place of Petitioners' confinement within the institution, and not to alter the fact or length of their confinement. Consequently, Petitioners' remedy lies not in a habeas corpus action, but in a civil rights suit under 42 U.S.C. § 1983 and this federal habeas petition should be dismissed for failing to raise a claim cognizable under 28 U.S.C. § 2241.

<u>Williams, et al. v. Coleman, et al.</u>, No. 2:10-cv-212-NBF-CB, 2010 WL 1337739, *1 (Feb. 19, 2010 W.D. Pa.).

In their objections to the magistrate judge's Report and Recommendation, the petitioners argued, as Lopez does in his *Brief In Support For Habeas Corpus Pursuant to 28 U.S.C. § 2241*, ECF No. 2, that they were entitled to seek relief in habeas in a § 2241 petition pursuant to <u>Woodall</u>. The Court rejected this argument, holding:

> <u>Woodall</u> … is limited to situations where a federal prisoner's claim challenges a change or potential change in his level of custody. <u>Ganim v. Fed. Bureau of Prisons</u>, 235 F.Appx. 882, 884 (3d Cir. 2007) (challenge to transfer to another facility not cognizable under habeas statute absent a change in the level of custody). *The Third Circuit has never recognized a state prisoner's right to file a § 2241 petition in order to seek relief in the nature of transfer from a more restrictive form of custody (disciplinary custody or administrative custody) to a prison's general population. There is, in this Court's view, no exception in this case to the general rule that a prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement–either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody."* <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 (2005).

6

Williams, et al. v. Coleman, et al., No. 2:10-cv-212-NBF-CB, 2010 WL 1292170, *1 (Mar. 31, 2010 W.D. Pa.) (emphasis added).

The petitioners subsequently moved for a certificate of appealability in the Court of Appeals, which the court granted. On January 25, 2012, the court issued an opinion in which it affirmed the district court's decision. It expressly rejected the petitioners' contention that they could challenge the conditions of their confinement in SCI Greene's capital case unit in a habeas petition:

> "Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). A habeas petition must be used for a challenge to "the validity of the continued conviction or the fact or length of the sentence." Id. at 542. An action under § 1983 is appropriate for a challenge to "a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction." Id.
>
> The prisoners do not challenge the fact or duration of their imprisonment. Instead, they complain of the restrictive conditions of death row and seek to be transferred into the general prison population. As such, the prisoners raise "conditions of confinement" claims that do not lie at the core of habeas and thus are properly brought pursuant to § 1983. See id. We find, therefore, that the District Court correctly dismissed the prisoners' habeas petition.

Williams, et al., No. 10-2103, 2012 WL 208042 at*2.

## II.

Based upon all of the foregoing, the petition for a writ of habeas corpus is dismissed. A certificate of appealability is denied because reasonable jurists would not disagree with this Court's procedural ruling that Lopez may not raise his present claims in a habeas action. Because this entire case is dismissed, Lopez's motion for preliminary injunction, ECF No. 3, and motion to appoint counsel, ECF No. 5, are dismissed as well.

An appropriate Order follows.

BY THE COURT:

Date: February 1, 2012

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE IVAN LOPEZ,** | ) | |
| Petitioner, | ) | Civil Action No. 12-96 |
| | ) | |
| v. | ) | Judge Arthur J. Schwab |
| | ) | |
| **JOHN WETZEL, et al.,** | ) | |
| Respondents. | ) | |

cc: by U.S. mail to:

George Ivan Lopez
CZ-3198
175 Progress Drive
SCI Greene
Waynesburg, PA 15370

John E. Wetzel
Secretary of the Department of Corrections
2520 Lisburn Road
P.O. Box 598
Camp Hill, PA 17001-0598

Louis S. Folino
Superintendent
SCI Greene
169 Progress Drive
Waynesburg, PA 15370-8090

Linda L. Kelly, Esq.
Attorney General of Pennsylvania
16th Floor, Strawberry Square
Harrisburg, PA 17120